This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **NO. 32,862**

**GILBERT SANCHEZ**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Kristin Harrington, P.C.
Kristin Harrington
Farmington, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     On November 29, 2011, Defendant pled guilty to four counts of child

solicitation by electronic communication device as set forth in NMSA 1978, § 30-37-3.2 (2007). As a result of his plea, the district court required Defendant to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). *See* NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2013). The final version of Defendant's judgment and sentence was entered on April 11, 2013. Defendant appeals only the order requiring him to register as a sex offender. The issue on appeal is whether a 2007 amendment making the crime of child solicitation by electronic communication device subject to SORNA was effective, given that the Legislature later amended to the same section of SORNA—twice.

{2}     This Court has recently addressed the same issue raised in this appeal. *See State v. Ho*, 2014-NMCA-___, ¶ 1, ___ P.3d ___ (No. 32,482, Jan. 21, 2014). In *Ho*, we reversed the district court's order requiring a defendant to register as a sex offender under SORNA after pleading guilty to child solicitation by electronic communication device. *Id.* ¶¶ 1, 3. To reach this conclusion, we analyzed: "(1) the history and language of the 2007 amendments to the statutes at issue here (Sections 29-11A-3 and -5); (2) the statutes guiding the Compilation Commission (NMSA 1978, Section 12-1-8 (1977, amended 2013)[)]; and (3) *State v. Smith*, 2004-NMSC-032, 136 N.M. 372, 98 P.3d 1022[.]" *Ho*, 2014-NMCA-___, ¶ 2. Ultimately, however, our holding was compelled by our judicial obligation to give effect to the Legislature's intent when it amended Section 29-11A-3(I)(11) in 2013. *Ho*, 2014-NMCA-___, ¶ 14. This Court

2

determined that SORNA applies to child solicitation by electronic communication device "only for convictions occurring on or after July 1, 2013." *Id.* (internal quotation marks and citation omitted); *see* § 29-11A-3(I)(11).

{3} Based on our reasoning in *Ho*, we reach the same result in this case. We conclude that the 2007 amendment relied upon by the State was not effective until on or after July 1, 2013, and this Court is obligated to give effect to the Legislature's intent behind the 2013 amendment. *Ho*, 2014-NMCA-__, ¶ 14.

**CONCLUSION**

{4} We hold that Defendant's conviction for child solicitation by electronic communication device was not a SORNA-covered crime at the time that he pled guilty. We reverse the district court's order requiring Defendant to register as a sex offender.

{5} **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**

3